Nicholas Criniti, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation (PennDot), Respondent.

Submitted on briefs, February 27, 1978, to Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Nino V. Tinari,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 31, 1978:

Nicholas Criniti (Criniti), at a time when he was an employe of the Pennsylvania Department of Transportation (PennDOT), was indicted by the Philadel-

phia County special investigating grand jury for conspiring to misapply government property in connection with his employment with PennDOT. On March 15, 1975, Criniti pled guilty to the charges which formed the basis for these indictments but withdrew his guilty plea on December 20, 1976.

As a result of Criniti's guilty plea, the Director of the Bureau of Personnel for PennDOT, by letter dated June 17, 1976, notified Criniti that he was dismissed from his Highway Foreman II position, effective with the close of business on June 18, 1976.

Criniti, pursuant to the Memorandum of Understanding for the Maintenance and Trades Unit for first-level supervisors, timely appealed his termination through the grievance procedure and, by letter dated August 18, 1976, he was informed that his grievance was being denied at Step IV of the grievance procedure.[1] On March 9, 1977, Criniti filed with this Court a petition for review and application for pre-

---

[1] Recommendation No. 17 of the Memorandum of Understanding states as follows:

That, Any grievance or dispute which may arise concerning the application, meaning or interpretation of this memorandum shall be settled in the following manner:

Step I. The employe, either alone or accompanied by the Union representative, or the Union where entitled, shall present the grievance orally or in writing to his immediate supervisor within 12 days of the date of its occurrence or knowledge of its occurrence. The supervisor shall attempt to resolve the matter and report his decision to the employe, orally within seven days of its presentation.

Step II. In the event the Grievance is not settled at Step I, the appeal must be presented in writing by the employe or Union representative to the head of his division, bureau, institution, or equivalent organizational unit within seven days after the supervisor's response is due. The official receiving the written appeal, or his designated representative, shall respond in writing to the employe and the Union repre-

liminary injunction, seeking immediate reinstatement to his position with PennDOT.

On April 1, 1977, PennDOT filed preliminary objections and a motion to quash Criniti's petition for review. On June 13, 1977, after hearing, this Court denied Criniti's application for a preliminary injunction.

One of the preliminary objections advanced by PennDOT is that Criniti's petition for review was untimely filed and therefore this Court is without jurisdiction to consider this matter. We must agree; therefore, we do not pass upon the other contentions raised by PennDOT.

---

sentative within seven days after receipt of the appeal.

Step III. An appeal from an unfavorable decision at Step II shall be presented by the employe or Union representative to the agency head within seven days after the response from Step II is due. The agency head shall respond in writing to the employe and Union representative within seven days after receipt of the appeal.

Step IV. In the event the grievance has not been satisfactorily resolved in Step III, written appeal may be made by the employe or Union representative within seven days of the Step III decision to the Secretary of Administration and shall contain a copy of the grievance and a copy of the Step II and Step III decisions. The Secretary of Administration or his designee shall issue a decision in writing to the Union within 12 days after receipt of the appeal, which shall be final and binding except for grievances involving a demotion, discharge or suspension.

Step V. An appeal from an unfavorable decision at Step IV in the case of a discharge, demotion, or suspension which has not occurred as the result of a strike may be initiated by the Union serving upon the Employer a notice in writing of its intent to proceed to arbitration within seven days after receipt of the Step IV decision. Said notice shall identify the provisions of the memorandum, the department, the employe involved, and a copy of the grievance.

Under Pa. R.A.P. 1512(a), a petition for review must be filed within 30 days after the entry of an order. Since the timeliness of an appeal is jurisdictional, the courts are without power to extend the appeal period unless there is fraud, its equivalent, or a breakdown in the court's operation through a default of its officers. *Drafts v. Bennett Shelburne Co.*, 26 Pa. Commonwealth Ct. 76, 362 A.2d 464 (1976). The contract provisions set out in footnote 1, *supra,* disclose that an appeal from an unfavorable decision at Step IV in the case of a discharge may be initiated by the union within 7 days after receipt of the Step IV decision. Unlike appeals taken from earlier steps in the grievance procedure, the individual grievant cannot appeal beyond the Step IV decision.

Thus, whether we consider August 18, 1976, the date Criniti was informed that his grievance was being denied at Step IV of the grievance procedure, or the seventh day thereafter, when Criniti's union failed to appeal the unfavorable decision at Step IV, as the date of the final determination resulting in Criniti's dismissal from his Highway Foreman II position, it is obvious that more than 30 days had elapsed before March 9, 1977, when he filed his petition for review. Consequently, his petition for review was not timely filed.[2] *Ozolins v. Department of*

---

[2] Criniti argues that the 30 days should be computed from February 24, 1977, the date on which he was informed by his union that it had made a final decision not to proceed any further with the grievance procedure. We find this contention without merit since, by the terms of the grievance procedure, the union had only 7 days after an unfavorable decision at Step IV to appeal. Here that date would have been August 25, 1976 and Criniti would have been aware as of that date that his union was not going to proceed further in the grievance procedure.

Criniti further argues that Pa. R.A.P. 1512(c), rather than Pa. R.A.P. 1512(a), applies to his case. We do not share Criniti's view

*Education*, 30 Pa. Commonwealth Ct. 70, 372 A.2d 1230 (1977).

Accordingly, we enter the following

ORDER

AND Now, this 31st day of March, 1978, the motion to dismiss filed by the Department of Transportation of the Commonwealth of Pennsylvania is hereby granted, and the petition for review filed by Nicholas Criniti is hereby dismissed.

---

in this regard but conclude that subsection (c) of Pa. R.A.P. 1512 relates to matters which are original in nature such as equitable matters. Petitions for review raising issues formerly cognizable by action in mandamus or quo warranto are other matters covered by subsection (c).