## Selleck v. Commonwealth

*Gary T. Harris*, for petitioner.
*Gailey C. Keller, District Attorney*, for Commonwealth.

MYERS, *P.J.*, March 10, 1980—Petitioner requests this court to permit him to appeal nunc pro tunc his conviction by a district justice of traveling 71 m.p.h. in a 55 m.p.h. zone, in violation of 75 Pa.C.S.A. §3362. Petitioner was issued the speeding citation in August or September 1978, while he was operating a 1964 Brockway wrecker on Interstate 80, in Columbia County, Pennsylvania.

In support of his petition, petitioner asserts that he intended to contest the citation, but that his father-in-law—who is petitioner's employer—paid the fine without petitioner's knowledge or consent.

In addition, petitioner asserts that he has a valid defense to the citation, in that the Brockway wrecker has a maximum possible speed of 64 m.p.h. Further, petitioner contends that the physical construction of the wrecker distorts radar speed timing devices, so that the radar routinely indicates

a speed of 71 or 72 m.p.h., regardless of the speed the wrecker is actually traveling.

In the past, we have summarily dismissed a number of petitions to appeal nunc pro tunc from motor vehicle citations. These earlier cases all involved drivers who paid their fines without realizing that their licenses would be suspended as the result of their motor vehicle convictions.

However, the instant case presents a significantly different problem in that petitioner contends he neither pleaded guilty, nor authorized anyone to plead guilty on his behalf. A guilty plea was nonetheless entered, as the result of the actions taken by petitioner's father-in-law.

The test for determining whether an appeal should be granted nunc pro tunc is "fraud or its equivalent or some breakdown in the court's operation." MacKanick v. Rubin, 244 Pa. Superior Ct. 467, 471, 368 A. 2d 815 (1976); Criniti v. Dept. of Transportation, 34 Pa. Commonwealth Ct. 512, 383 A. 2d 993 (1978). There has been no fraud perpetrated in this case. However, we view the unauthorized entry of a guilty plea, on behalf of an individual who desired to plead not guilty, as a sufficient "breakdown" in the system to warrant the allowance of a nunc pro tunc appeal.

In short, we feel that the interests of justice warrant a hearing on the merits of petitioner's allegations.

## ORDER

And now, March 10, 1980, the petition to appeal nunc pro tunc is hereby granted, and petitioner is afforded an opportunity to file an appeal to this court within ten days of service of this order.