Edward Green, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 16, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL, WILLIAMS, JR. and PALLADINO.

409

*Edward Green*, petitioner, for himself.

*Arthur R. Thomas*, Assistant Attorney General, with him *Robert A. Greevy*, Assistant Attorney General, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, February 2, 1981:

Edward Green has filed a Petition for Review with this Court alleging that the Pennsylvania Board of Probation and Parole (Board) has erroneously recomputed his sentence to which the Board has filed a preliminary objection in the nature of a demurrer. Pursuant to an order of this Court, the Board's preliminary objections have been submitted on briefs and we will rule on them accordingly.[1]

In 1972 Petitioner was sentenced to a term of from one to eight years in the State Correctional Institute at Graterford, and after serving one year of his term was released on parole. While on parole Petitioner was ar-

---

[1] Mindful of the Pennsylvania Supreme Court's recent decision in *Bronson v. Pennsylvania Board of Probation and Parole*,     Pa.    , 421 A.2d 1021, we have closely examined petitioner's Petition For Review and have concluded that it is in the nature of a request for mandamus within this Court's original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa. C. S. §761. Here, unlike *Bronson*, the petitioner is not contesting his recommitment as a convicted parole violator generally, but instead has simply requested that this Court "compel the Pennsylvania Board of Probation and Parole to correct the original sentence."

rested by Philadelphia County authorities on June 2, 1978, and again on November 22, 1978, charged with various drug offenses, and was released each time on bail. The Board subsequently took Petitioner into custody on December 19, 1978, by filing a detainer against him because of his failure to report his arrests.

After conducting several hearings, the Board decided to keep the Petitioner in custody pending the outcome of the criminal charges lodged against him by the county authorities, and to recommit him as a technical parole violator "when available." On November 5, 1979, the Petitioner was sentenced by the Court of Common Pleas of Philadelphia County to a term of from eleven and one half to twenty-three months in the county prison for the offenses for which he had been arrested on June 2, 1978. In imposing the sentence Judge Kremer credited Petitioner with the time he had spent in custody since December 19, 1978, when the detainer was filed by the Board. As a result of this conviction the Board ruled that the Petitioner should be recommitted as a convicted parole violator when he became available from county authorities.

On January 8, 1980, Petitioner finished serving the minimum term on his county sentence and was transferred to state prison where he is currently serving the remaining time on his original sentence. In February of 1980 the Board met again and formally recommitted Petitioner as a convicted parole violator, and calculated that the balance of his original sentence would run until October 6, 1986.

In his Petition for Review, Green alleges that the Board erred in recomputing his sentence by not crediting his original sentence with the time he spent in Custody after December 19, 1978, as required under the authority of *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). The Board has demurred to this charge alleg-

ing that *Gaito* is in error and need not be followed by this Court since the Supreme Court did not consider Section 1360 of the Sentencing Code, 18 Pa. C. S. §1360 in reaching its decision. Since we believe the petitioner has laid out a valid cause of action, the Board's preliminary objection will be overruled.

We first note that contrary to the Board's allegation, the Supreme Court specifically mentioned Section 1360 of the Sentencing Code in *Gaito. Id.* at 404, 412 A.2d at 571. Section 1360 is the general sentencing provision which states that "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as the result of the conduct on which such charge is based." In the case of *Mitchell v. Pennsylvania Board of Probation and Parole*, 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), however, we held that where a parolee, in custody, awaiting trial on new criminal charges has a detainer lodged against him by the Board, the general rule could not be followed and the time spent in custody prior to conviction would have to be credited against the parolee's original sentence since he would be under the jurisdiction of the Board while in custody.

We subsequently modified *Mitchell* in the case of *Davis v. Cuyler*, 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), by holding that credit for time spent in custody must be credited to original sentences only when the sole reason the parolee remains in custody is because of a Board detainer. This modified rule has since been consistently followed by this Court, and was recently adopted by the Pennsylvania Supreme Court in *Gaito, supra.* In *Gaito* the court stated:

> Thus if a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements

for bail on the criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirments on the new criminal charges, then the time spent in custody shall be credited to his new sentence. (Emphasis in original.)

*Id.* at 403-404, 412 A.2d at 571.

Since the petitioner has alleged in his Petition for Review that the sole reason he was held in custody after December 19, 1978 was because of the Board detainer lodged against him, and since *Gaito* is controlling and will require that the petitioner's original sentence be recomputed if it has not been credited with the time spent in custody after December 19, 1978, the petition has stated a valid cause of action and the Board's preliminary objection must be overruled.

Accordingly, we enter the following

### ORDER

AND NOW, February 2, 1981, the Board of Probation and Parole's preliminary objection to Edward Green's Petition for Review is denied.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

There is no doubt that the majority opinion strictly complies with the literal reading of *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). I suggest, however, that the broad holding of the Pennsylvania Supreme Court in *Gaito* should not govern the result in the instant case.

Here, the Petitioner has already received the benefit of his pre-sentence time inasmuch as it was

credited by the sentencing court to his minimum sentence *and* Petitioner was transferred from the county prison to the State Correctional Institution after serving just two months and two days of his eleven and one-half month minimum sentence after he was sentenced on November 5, 1979. His petition for review (filed *after* he was transferred to the State Correctional Institution) now asks for credit on his original sentence *for the same pre-sentence time.* I do not believe it was the intent of *Gaito* that a prisoner should twice receive credit for pre-sentence time. Rather, I would suggest that *Gaito* applies where the prisoner has not already received credit for such pre-sentence time. Quite obviously, the prisoner cannot be retransferred to the county prison to serve the time for which he wants credit now on his original sentence. Therefore, the only practical solution is to refuse to credit that time to his original sentence as the Board has done.

I would sustain the preliminary objection and dismiss the petition.

President Judge CRUMLISH and Judge ROGERS join in this dissent.