Joseph F. Lewis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 12, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 3, 1983:

Joseph Lewis (Petitioner) has filed a petition for review with this Court in its appellate jurisdiction.[1] The petition avers that the Board of Probation and Parole (Board) failed to hold within 120 days a rehearing it had granted him pursuant to his application for administrative relief. Presently before us for disposition is Petitioner's motion for summary relief, filed pursuant to Pa. R.A.P. 1532(b),[2] averring that there is no genuine issue of fact and that Petitioner is entitled to judgment as a matter of law.

Factually, the Board held a timely violation and revocation hearing on September 18, 1980, at which

---

[1] 42 Pa. C. S. §763.

[2] Although Petitioner's motion is captioned "Petitioner's Motion for Summary *Judgment*" (emphasis added), it is clear from a reading of the motion in its entirety that Petitioner is actually seeking summary *relief* under Pa. R.A.P. 1532(b).

hearing Petitioner waived his right to representation by counsel.[3] On January 23, 1981, Petitioner requested a new violation/revocation hearing because he was not represented by counsel at the September 18, 1980 hearing. The Board granted the request on February 11, 1981 and fixed the date for the rehearing for August 5, 1981. Petitioner did not appeal from that order. Due to no fault of Petitioner, the hearing was not held until August 31, 1981.

In response to the minimum due process requirements for parole violation and revocation hearings as set forth in *Morrissey v. Brewer,* 408 U.S. 471 (1972), the Board adopted regulations providing that parole violation hearings must be held not later than 120 days of a preliminary hearing, 37 Pa. Code §71.2 (11), and that parole revocation hearings, where the violation charged is the conviction for a new offense,[4] shall be held within 120 days from the date the Board receives official notice of conviction. 37 Pa. Code §71.4(2). A parolee may apply for administrative review and relief within 30 days of any Board order which he considers to be erroneous. 37 Pa. Code §71.5(h).

Notwithstanding the fact that Petitioner waived his right to legal representation at the September 18, 1980 hearing and notwithstanding the fact that his application for administrative relief was untimely filed, the Board, as we have noted, granted a rehearing. Petitioner admits that there is no specific Board regulation pertaining to time restrictions within which rehearings shall be held but he contends that such rehearings must be held within 120 days of the

---

[3] In his affidavit Petitioner states "At the September 18, 1980 Full Board hearing, Petitioner waived representation by counsel."

[4] Petitioner was convicted of a new offense while on parole.

date when administrative relief was granted. The date of rehearing in the instant case, of course, exceeds that time limit.

The Board contends that it was under no obligation to give Petitioner a rehearing in the first place and even if there was such an obligation, there was no regulation requiring the Board to hold the rehearing within any particular time.

We must agree with the Board that under the circumstances of this case, it was under no duty to grant a rehearing to Petitioner. Had it refused to do so this Court would have upheld the Board's action. When the Board granted the rehearing it had already complied with the critical requirement of timely violation and revocation hearings to which Petitioner was entitled. We do not believe a parolee can reactivate the Board's regulations regarding time limitations for hearings by requesting and receiving a rehearing.

As was said in *Morrissey*, "Once it is determined that due process applies, the question remains what process is due." 408 U.S. at 481. We hold that in the instant case, due process was satisfied when Petitioner received his first violation/revocation hearing. He waived his right to legal representation at that hearing. He does not challenge the effectiveness of that waiver. The Board's grant of a rehearing was discretionary. A rehearing has been held. Petitioner does not allege nor has he demonstrated that he has been prejudiced by the passage of time between the grant of the administrative relief and the date of the rehearing. We take particular note of the fact that if the Petitioner was of the opinion that the Board's order fixing the date of the rehearing was in error, his proper remedy was to appeal from that order within 30 days of the date of its issuance.

In view of the foregoing we must conclude that Petitioner has failed to demonstrate that his right to judgment is clear. His appeal, therefore, must be dismissed.

ORDER

It is ordered that Petitioner's motion for summary relief be and the same is denied.