Tyrone Manuel, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*John W. Packel,* Assistant Defender, Chief of Appeals Division, with him *Benjamin Lerner,* Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, August 10, 1983:

On January 27, 1983, Tyrone Manuel filed a petition for review of an order of the Pennsylvania Board of Probation and Parole (Board) made November 3, 1982, revoking his parole and recommitting him as a technical parole violator for violating two conditions of his parole. The Board has filed a motion to quash the petition for review as untimely filed. We will grant the motion.

The petitioner was charged with the violation of three conditions of his parole and, after a full Board hearing, was found by the Board to have violated two of those conditions—the failure to notify his parole agent within 72 hours of an arrest and the possession of firearms. The November 3, 1982 order reads pertinently as follows:

> Recommit as a TPV [technical parole violator] when available to serve 18 months for violations of conditions 5 and 9. Evidence relied

on: testimony of Agent Williams, your admission and police property receipt. Presumptive range for conditions 5 and 9 is 6 to 18 months. Reasons: 1. Violation of conditions 5 and 9 established. 2. Long period of delinquency. 3. Weapon involvement. 4. History of parole failure.

On November 15, 1982, the petitioner filed a timely request for administrative review with the Board pursuant to 37 Pa. Code §71.5(h) which provides:

(h) When any errors under this chapter are alleged subsequent to the Board's order, the parolee, by his attorney unless he is unrepresented, may apply to the Board within 30 days of the entry of the order for appropriate review and relief. Such application shall set forth specifically the factual and legal basis for the allegations. *When a timely request for administrative review of an order has been filed, the order will not be deemed final for purposes of appeal until the Board has mailed its response to the request for administrative review.* This subsection supercedes 1 Pa. Code §35.226 (relating to final orders). (Emphasis added.)

On December 14, 1982, the Board denied the petitioner's request for administrative relief both in a letter which quoted the Board's November 3, 1982 order and by an order which stated: "No change." No claim is made by the petitioner that this order was not mailed the same day.

On December 30, 1982, the Board by order of that date reaffirmed its recommitment action of November 3, 1982, to serve eighteen months on backtime and gave the petitioner a reparole date of January 16, 1984.

The petitioner filed a petition for review in this Court on January 27, 1983, in which he sought review of the Board's November 3, 1982 order.

The Board contends that the petition should be quashed as having been untimely filed because the petition for review in this Court was filed January 27, 1983, in excess of thirty days from December 14, 1982—the date on which the Board responded to the petitioner's request for administrative review pursuant to 37 Pa. Code §71.5(h). The petitioner argues that his appeal was timely because it was filed within thirty days of December 30, 1982, the date of the Board's order reaffirming the order of November 3, 1982, and giving the petitioner a reparole date of January 16, 1984.

Pa. R.A.P. 1512(a)(1) provides:

(1) A petition for review of a quasi-judicial order, or an order appealable under 42 Pa. C. S. §763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order.

The petitioner, as noted, seeks review of the order of November 3, 1982. Pursuant to 37 Pa. Code §71.5(h) where a timely request for administrative review is made, an order of the Board "will not be deemed final for purposes of appeal until the Board has mailed its response to the request for administrative review." The time in which the petitioner could have taken an appeal was extended, by the regulation, from November 3, 1982, until December 14, 1982. Therefore, his petition for review was not timely, having been filed January 27, 1983, more than thirty days after December 14, 1982.

The petitioner contends that the order of December 30, 1982, was the final order of the Board. On the contrary, the Board's order of December 14, 1982, was the final order because it was the Board's definitive response to the petitioner's application for review provided for by 37 Pa. Code §71.5(h) *supra*.

Petition quashed.

### ORDER

AND Now, this 10th day of August, 1983, the petition for review of Tyrone Manuel from the November 3, 1982, order of the Pennsylvania Board of Probation and Parole is quashed as untimely filed.