470 A.2d 1337

**Joseph D. McMAHON, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 12, 1983.

Decided Dec. 29, 1983.

Joseph D. McMahon, I.P.P., for appellant.

Robert A. Greevy, Chief Counsel, Bd. of Probation & Parole, Harrisburg, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

*Opinion of the Court*

PER CURIAM.

Appellant, Joseph D. McMahon, filed a writ of mandamus in the Commonwealth Court asserting that the Pennsylvania Probation and Parole Board had erred in computing his term of imprisonment upon his recommitment for a parole violation based upon subsequent criminal convictions. By memorandum opinion and order dated November 3, 1982, the Commonwealth Court dismissed the writ of mandamus and appellant filed a notice of direct appeal to this Court.

As explained in *Pennsylvania Department of Aging v. Lindberg,* 503 Pa. 423, 469 A.2d 1012 (1983) and its companion cases,[1] the writ of mandamus in the instant case was not properly a matter addressed to the Commonwealth Court's original jurisdiction, 42 Pa.C.S.A. § 761, but was, rather, a matter properly addressed to that court's appellate jurisdiction, 42 Pa.C.S.A. § 763.

Accordingly, appeal to this Court is at our discretion, 42 Pa.C.S.A. § 724, not by right of appeal, 42 Pa.C.S.A. § 723(a). *Pennsylvania Department of Aging v. Lind-*

---

1. *XPress Truck Lines, Inc. v. Pennsylvania Liquor Control Board,* 503 Pa. 399, 469 A.2d 1000 (1983); *O'Brien v. State Employees Retirement System,* 503 Pa. 414, 469 A.2d 1008 (1983); *Gossman v. Lower Chanceford Township Board of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983).

*berg, supra.* We therefore deem the instant "direct appeal" as a petition for allowance of appeal, Pa.R.A.P. 1102, and deny the petition.

NIX, J., filed a dissenting opinion, in which McDERMOTT, J., joined.

NIX, Justice, dissenting.

In my judgment, the decision of the Commonwealth Court in this matter was eminently correct and should not in any way be disturbed.

After appellant had been recommitted for parole violations he began a series of correspondence with the Parole Board seeking a credit for time served under a detainer for a charge for which he was subsequently discharged. The period of time claimed was one year and 26 days. By letter dated May 25, 1982, the Board of Probation and Parole notified the appellant that it reaffirmed its position that this period of time should not be credited against the balance of his sentence.

In response, on June 4, 1982 appellant filed a Petition for Review in the Commonwealth Court seeking relief. That petition was dismissed on June 9, 1982 with the direction to appellant that he should proceed in accordance with the administrative remedy provided under the Board's regulations. See 37 Pa.Code, section 71.5(h), effective May 24, 1980.[1] Thereupon, appellant filed an application for writ of mandamus on October 29, 1982, requesting the same relief. That application was denied on November 3, 1982.[2] It is

1. 37 Pa.Code, section 71.5(h) states, in pertinent part:
    When any errors under this chapter are alleged subsequent to the Board's order, the parolee, by his attorney unless he is unrepresented, may apply to the Board within 30 days of the date of entry of the order for appropriate review and relief. Such application shall set forth specifically the factual and legal basis for the allegations. When a timely request for administrative review of an order has been filed, the order will not be deemed final for purposes of appeal until the Board has mailed its response to the request for administrative review....

2. See Appendix A of this dissent.

this order of dismissal of the application for the writ that forms the basis of the instant appeal in this Court.[3]

The application for writ of mandamus was considered by the Commonwealth Court and that court itself recognized that this was a matter that should have been brought before it as a petition for review after the exhaustion of the administrative remedies. Thus the concern implied in the instant order regarding the proper exercise of the Commonwealth Court's original jurisdiction is misplaced. In fact the Commonwealth Court perceived and appropriately addressed the question. The effect of the Commonwealth Court's ruling was to refuse to exercise its original jurisdiction.

However, what is presently before us is in fact a direct appeal of that determination by the Commonwealth Court relating to the exercise of its jurisdiction over the application. Since that ruling in my judgment was correct, it should have been affirmed.

McDERMOTT, J., joins in this dissenting opinion.

## APPENDIX "A"

## MEMORANDUM AND ORDER

PER CURIAM.

The Pennsylvania Board of Probation and Parole (Board) amended its regulation at 37 Pa.Code § 71.5(h) effective May 24, 1980, *see* 10 Pa.B. 2049 (1980), to provide for administrative review of any defect or error alleged subsequent to Board action. The above captioned action was filed in this Court subsequent to the promulgation of that

---

**3.** The Commonwealth Court's dismissal on June 9, 1982 of the Petition for Review filed June 4, 1982 at No. 294 Miscellaneous Docket No. 3 was with a Memorandum and Order of almost verbatim language with that of the memorandum and order of November 3, 1982 set forth here as Appendix A.

In appealing to this court, appellant misidentified the order appealed from as No. 294 Miscellaneous Docket No. 3. If this appeal was in fact from that order, the appeal should be dismissed as having been untimely filed. See Pa.R.A.P. 903.

244

regulation, and contains no allegation that prior administrative review was sought and denied.

## ORDER

NOW, November 3, 1982 the above action is hereby dismissed without prejudice to petitioner's right to pursue appropriate initial administrative review before the Pennsylvania Board of Probation and Parole.