Frank St. Clair, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 11, 1985, to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Frank St. Clair,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 30, 1985:

Frank St. Clair (Petitioner) filed a civil action in the nature of a request for mandamus against the Pennsylvania Board of Probation and Parole (Board) addressed to our original jurisdiction under Section 761 of the Judicial Code, 42 Pa. C. S. §761. The essence of Petitioner's contention before us is that the Board erred in denying him time credit on the maximum term of his six to thirty-year Philadelphia County sentence when it returned him to prison as a convicted parole violator on September 19, 1983. Petitioner has filed a motion for summary judgment in his favor and the Board has cross-moved for summary judgment.

Petitioner was originally sentenced in Philadelphia County Common Pleas Court in 1971 to a combined term of six to thirty years as a result of his conviction for Aggravated Robbery[1] and Burglary.[2] That sentence had an effective date of December 1, 1970 and carried an initial maximum term expiration date of December 1, 2000. He was released on parole on this sentence from the State Correctional Institution at Graterford (SCI-Graterford) on January 25, 1978.

---

[1] Section 705 of the Act of June 24, 1939, P.L. 872, *formerly* 18 P.S. §4705, repealed by the Act of December 6, 1972, P.L. 1482. A similar provision is now found in Section 3701 of the Crimes Code, 18 Pa. C. S. §3701.

[2] Section 901 of the Act of June 24, 1939, P.L. 872, *formerly* 18 P.S. §4901, repealed by the Act of December 6, 1972, P.L. 1482. A similar provision is now found in Section 3502 of the Crimes Code, 18 Pa. C. S. §3502.

Petitioner was incarcerated again on this sentence from January 3, 1979 as a result of technical parole violations and the Board granted him re-parole effective January 25, 1980. He was arrested by Philadelphia Police on November 13, 1980 on a bench warrant and charged with Resisting Arrest.[3] The Board lodged its warrant the following day. Petitioner was also free on bail from pending charges in Montgomery County. Petitioner was convicted on the Montgomery County charges on April 29, 1981 and sentenced to a term of one to two years on June 12, 1981. On September 18, 1981, the Board continued him on parole as to his six to thirty-year Philadelphia County sentence but he remained incarcerated at SCI-Graterford to serve the minimum term of his Montgomery County sentence. He was paroled on the Montgomery County sentence effective August 26, 1982. He was arrested on October 28, 1982 by Philadelphia Police on new charges and the Board lodged its warrant the following day. On January 24, 1983, petitioner was convicted in Philadelphia County Common Pleas Court of Defiant Trespass,[4] Possession of an Instrument of Crime,[5] Burglary, Theft by Unlawful Taking[6] and Criminal Trespass.[7] On June 21, 1983, he was sentenced to a term of one and one-half to three years on the new convictions. On September 19, 1983, after conducting the required hearings, the Board ordered petitioner recommitted to prison as a convicted parole violator to serve twelve months backtime and extended his maximum term expiration date as required by Sec-

---

[3] 18 Pa. C. S. §5104. Petitioner was convicted of this charge on January 8, 1981 and was sentenced to one-year probation.

[4] 18 Pa. C. S. §3503(b).

[5] 18 Pa. C. S. §907.

[6] 18 Pa. C. S. §3921.

[7] 18 Pa. C. S. §3503(a).

564

tion 21.1(a) of the Parole Act[8] to June 18, 2004.[9] It is the Board's computation of this extended maximum term that petitioner challenges.

## Proper Basis for Jurisdiction

Prior to addressing the merits of the summary judgment motions now before us, we must first examine the proper basis for invoking this Court's jurisdiction. While neither party has raised jurisdictional issues in their motions, this Court may always raise sua sponte the issue of its own subject matter juris-

---

[8] Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.21a(a), mandates that where the Board recommits a parolee to prison for a new criminal conviction, the Board must deny that parolee credit against his sentence for any time spent "at liberty" on parole. We have held that this statutory language requires the Board to credit a convicted parole violator's sentence with only that time which he was actually incarcerated on that particular sentence. *See Cox v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 183, 467 A.2d 90 (1983), rev'd     Pa.    , 493 A.2d 680 (1985) (credit denied for time parolee spent in an in-patient drug program) ; *Anderson v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 574, 472 A.2d 1168 (1984) ; *Morris v. Pennsylvania Board of Probation and Parole*, 77 Pa. Commonwealth Ct. 85, 465 A.2d 97 (1983) (credit denied on maximum sentence for "street time" parolee earned prior to an earlier recommitment as a technical parole violator) ; *Debnam v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 572, 455 A.2d 297 (1983) (credit denied for time parolee spent on "constructive parole" while incarcerated serving the minimum term of another sentence).

[9] The Board had originally extended petitioner's maximum term expiration date to January 16, 2005. Subsequent to petitioner instituting this action, the Board received additional information from the Court of Common Pleas of Montgomery County by which petitioner became entitled to have the time he was incarcerated from November 14, 1980 through June 12, 1981 applied to his six to thirty-year Philadelphia County sentence. This had the effect of reducing his maximum term expiration date to June 18, 2004.

diction. *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 598, 495 A.2d 213 (1985); *Gordon v. Pulakos,* 48 Pa. Commonwealth Ct. 442, 410 A.2d 899 (1980); *McMahon v. Pennsylvania Liquor Control Board,* 42 Pa. Commonwealth Ct. 135, 400 A.2d 255 (1979).

This Court's jurisdiction is unique in that it is wholly statutory as found within Sections 761-764 of the Judicial Code, 42 Pa. C. S. §§761-764. Our original jurisdiction is narrowly circumscribed to encompass civil actions or proceedings by or against the Commonwealth or any officer thereof "acting in his official capacity" or where otherwise specifically conferred by statute. Unlike jurisdictional criteria applicable to other courts of this Commonwealth, our jurisdiction is predicated upon the identities of the parties and the capacities in which they are sued. The nature of the cause of action asserted assumes importance and only becomes critical in determining jurisdiction with respect to causes asserted against an officer of the Commonwealth acting in his official capacity. *General State Authority v. Pacific Indemnity Co.,* 24 Pa. Commonwealth Ct. 82, 87-88, 354 A.2d 56, 59 (1976); *Konhaus v. Lutton,* 21 Pa. Commonwealth Ct. 181, 183, 344 A.2d 763, 764 (1975).

Here, petitioner has asserted a claim in mandamus against the Board. The Board is clearly a Commonwealth agency and this Court enjoys jurisdiction in actions brought against it. *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981). There is also little question that actions in mandamus directed against Commonwealth agencies or officers acting in their official capacities are properly within the original jurisdiction of this Court. *Jones v. McCullough,* 8 Pa. Commonwealth Ct. 637, 305 A.2d 54

(1973). The issue now becomes whether petitioner's ·cause of action against the Board is a proper action in mandamus which is directed to our original jurisdiction under 42 Pa. C. S. §761 or whether it is in the nature of an appeal from an order of the Commonwealth agency directed to our appellate jurisdiction under 42 Pa. C. S. §763.

Mandamus is available only to compel the performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other adequate and appropriate remedy. *Donnell v. Pennsylvania Board of Probation and Parole*, 61 Pa. Commonwealth Ct. 517, 434 A.2d 846 (1981). Here, petitioner seeks to compel the Board to credit his six to thirty-year Philadelphia County sentence with time he spent in various programs in 1978 and 1979, and for time he spent incarcerated on the Montgomery County sentence in 1981 and 1982. He does not, however, contest the validity of the Board's action in revoking his parole and returning him to prison as a convicted parole violator. We had previously held that where a parolee contests only the computation of time credited to his original sentence by the Board, and not the validity of his recommitment, the parolee has stated a proper cause in mandamus and comes within our original jurisdiction. *Green v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 408, 409 n. 1, 424 A.2d 639, 640 n. 1 (1981).

However, our Supreme Court has subsequently cast doubt upon the validity of our holding in *Green* when it held that a parolee's claim for time credit against his original sentence was not a proper action in mandamus but rather was an appeal from an order of a Commonwealth agency directed to our appellate jurisdiction under 42 Pa. C. S. §763. *McMahon v.*

*Pennsylvania Board of Probation and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983). To the extent that *Green* authorizes parolees claiming credit against their original sentences from the Board to proceed under our original jurisdiction, that holding is overruled by *Mc-Mahon*. Therefore, claims by parolees for time credit are properly addressed to our appellate jurisdiction under 42 Pa. C. S. §763 and that portion of our order of September 5, 1984 which grants petitioner the right to proceed under 42 Pa. C. S. §761 is hereby vacated and we shall treat the petition for review filed by him as directed to our appellate jurisdiction under 42 Pa. C. S. §763.[10]

### Exhaustion of Administrative Remedies

As we have determined that petitioner's action is properly an appeal from an order of a Commonwealth agency, we must now determine whether petitioner has exhausted his available administrative remedies with the Board. Under the doctrine of exhaustion of administrative remedies, which we have previously held to be applicable to the Board's recommitment or-

---

[10] By our order of March 26, 1984, we also appointed the Public Defender of Allegheny County to represent petitioner in this matter pursuant to the mandate of *Bronson*, 491 Pa. 549, 421 A.2d 1021 (1980), and *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). However, petitioner subsequently filed a motion with this Court to dismiss his appointed counsel as he desired to represent himself pro se, specifically waiving his right to counsel, and expressing his desire to proceed under our original jurisdiction under 42 Pa. C. S. §761. We granted petitioner's motion and relieved the Allegheny County Public Defender from any further responsibilities in representing petitioner and allowed petitioner to proceed under 42 Pa. C. S. §761. We only vacate that portion of our order of September 5, 1984 which allows petitioner to proceed under 42 Pa. C. S. §761, the remainder of the order which relieves the Allegheny County Public Defender from the responsibility of representing petitioner remains in force.

ders, a parolee is required to exhaust *all* available administrative remedies before a right to judicial review of that order arises. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 41 n. 3, 483 A.2d 1044, 1046 n. 3 (1984); *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 627 n. 2, 477 A.2d 18, 19 n. 2 (1984); *see also, McMahon,* 504 Pa. at 243, 470 A.2d at 1338 (Nix, J., dissenting). Therefore, a parolee's failure to exhaust his available administrative remedies acts as a bar to judicial intervention in the administrative process. *See Renegotiation Board v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1 (1974); *FCC v. Schreiber,* 381 U.S. 279 (1965).

The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in the area. This is particularly important where the ultimate decision rests upon factual determinations lying within the expertise of the agency or where agency interpretations of relevant statutes or regulations are desirable. In addition, the exhaustion doctrine provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies. *Parisi v. Davidson,* 405 U.S. 34 (1972); *A&B Wiper Supply, Inc. v. Consumer Product Safety Commission,* 514 F. Supp. 1145 (E.D. Pa. 1981): *see also, Paterson Redevelopment Agency v. Schulman,* 78 N.J. 378, 396 A.2d 573 (1979), *cert. denied,* 444 U.S. 900 (1979). The exhaustion doctrine is also implicitly recognized by Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a), wherein the General Assembly has provided that, other than a challenge to the validity of a statute, if an issue is not raised before the Commonwealth agency it cannot be raised on judicial review. Of course, it is axiomatic that the exhaustion doctrine is appli-

cable only where there exists an adequate administrative remedy. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982); *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977).

The Board does provide an administrative appeal process from its recommitment orders. That process is outlined in a Board regulation found at 37 Pa. Code §71.5(h) which reads as follows:

> (h) When any errors under this chapter are alleged subsequent to the Board's order, the parolee, by his attorney unless he is unrepresented, may apply to the Board within 30 days of the date of entry of the order for appropriate review and relief. Such application shall set forth specifically the factual and legal basis for the allegations. When a timely request for administrative relief of an order has been filed, the order wil not be deemed final for purposes of appeal until the Board has mailed its response to the request for administrative review. This subsection supersedes 1 Pa. Code §35.226 (relating to final orders).

The Board has also established a separate Hearing Review Division which processes, reviews, and responds to administrative review requests under 37 Pa. Code §71.5(h). Our review of the Board's administrative review and relief procedure satisfies us that it does offer parolees an adequate and meaningful administrative remedy which must be exhausted prior to seeking judicial review of a Board recommitment order. *See e.g. O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 361, 487 A.2d 90, 93 (1985) (new parole Revocation Hearing granted in response to parolee's administrative relief request); *Lewis v. Pennsylvania Board of Pro-*

bation and Parole, 72 Pa. Commonwealth Ct. 398, 400, 456 A.2d 729, 730 (1983) (new parole Revocation Hearing granted to parolee who was unrepresented by counsel at initial hearing despite parolee's specific waiver of counsel representation at that initial hearing).

It is clear from the record before us that the petitioner did not avail himself of the administrative review procedure afforded him by the Board. Therefore, under the exhaustion doctrine, his action would be barred unless the issues raised fall within one of the established exceptions to the exhaustion doctrine.

The major exception to the exhaustion doctrine is where the issue is a legal question of constitutional dimensions and the facts are uncontested. This is commonly known as the "constitutional attack" exception and to come within this extraordinarily narrow exception, a party must show that the challenged statute or regulation clearly and unambiguously violates a constitutionally-secured right. *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231 (3d Cir. 1980), *cert. denied, General Public Utilities Corp. v. Susquehanna Valley Alliance,* 449 U.S. 1096 (1981); *Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund,* 534 F. Supp. 1340 (E.D. Pa. 1982), *rev'd on other grounds,* 693 F.2d 290 (3d Cir. 1982). The existence of a constitutional issue must be clear and the mere allegation of the presence of a constitutional question is not sufficient to excuse the failure to exhaust administrative remedies. *Patlex Corp., Inc. v. Mossinghoff,* 585 F. Supp. 713, 722 (E.D. Pa. 1983). To fit within the "constitutional attack" exception to the exhaustion doctrine, the attack must be made to the constitutionality of the statute or regulation as a whole and not merely to how the statute or regulation has been applied in a particular case. *Goldstein v. Time-Out Family Amuse-*

*ment Centers, Inc.,* 301 Md. 583, 483 A.2d 1276 (1984) ; *Solely v. State Commission on Human Relations,* 277 Md. 521, 356 A.2d 254 (1976) ; *cf. City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), *cert. denied,* 434 U.S. 923 (1977), *reh. denied,* 434 U.S. 1025 (1978). A review of the pleadings and briefs filed in the instant matter clearly shows that there is no such constitutional issue presented here. Accordingly, petitioner cannot be excused from the requirement that he exhaust his administrative remedies with the Board prior to seeking this Court's review of the Board's recommitment order.

We also note that had petitioner been successful in stating a proper cause in mandamus he would still be required to first avail himself of the available administrative remedies with the Board. It is well-established that his failure to exhaust administrative remedies would bar an action in mandamus against the Board. *See Packler v. State Employees' Retirement Board,* 487 Pa. 51, 54, 408 A.2d 1091, 1092 (1979) ; *Dingel v. State Employees' Retirement System,* 62 Pa. Commonwealth Ct. 79, 82, 435 A.2d 664, 666 (1981).

## Timeliness of the Petition for Review

While neither party has raised the issue of timeliness, we are compelled to examine this issue sua sponte in that we are cognizant that the timeliness of an appeal is jurisdictional in nature. *Criniti v. Department of Transportation,* 34 Pa. Commonwealth Ct. 512, 383 A.2d 993 (1978). Also, it has been this Court's past practice where a parolee has filed a pro se petition for review within thirty days of the date of the Board's recommitment order but failed to file for administrative relief under 37 Pa. Code §71.5(h), to dismiss the petition without prejudice to the parolee's right to seek the appropriate administrative relief with the

Board. We have also directed the Board to treat such administrative relief requests filed by parolees pro se as timely where the administrative relief request was made within thirty days of our dismissal without prejudice. This practice is consistent with the intent of Sections 708 and 5103 of the Judicial Code, 42 Pa. C. S. §§708 and 5103. Section 708 states that if an appeal from an agency determination is improvidently taken to a court, it shall not be dismissed solely because of that error. Section 5103 works in conjunction with Section 708(d) to allow the transfer of improvident appeals to the proper tribunal or agency and that the recipient tribunal or agency shall treat the matter as if filed with it on the date it was filed with the court. Therefore, if petitioner's pro se petition for review was filed with this Court within thirty days from the date of the Board's order, he would be entitled to have this matter transferred to the Board so that he may pursue his administrative remedy pursuant to 37 Pa. Code §71.5(h).

Both parties agree that the Board recommitment order sought to be reviewed here was recorded on September 19, 1983. Petitioner also admits that he did not file his petition for review with this Court until March 9, 1984, well beyond the thirty-day appeal period of *both* 37 Pa. Code §71.5(h) and Pa. R.A.P. 1512(a)(1). Therefore, the petition for review was untimely for purposes of administrative relief with the Board and under the Rules of Appellate Procedure. Accordingly, we must dismiss the petition with prejudice as untimely and we are without jurisdiction to hear the merits, if any, of petitioner's claims. *Manuel v. Pennsylvania Board of Probation and Parole*, 76 Pa. Commonwealth Ct. 270, 463 A.2d 1236 (1983); *but see, Coach v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 623, 472

A.2d 280 (1984) (thirty-day administrative appeal period does not apply to Board recommitment orders recorded prior to the effective date of the Board regulation imposing that time limit).[11]

Due to petitioner's failure to exhaust all administrative remedies and his failure to file a timely appeal of his Board recommitment order, the petition for review must be dismissed with prejudice. Therefore, we need not address the merits of the motion and cross-motion for summary judgment filed by petitioner and the Board in this matter.

ORDER

AND Now, this 30th day of May, 1985, that portion of this Court's prior order dated September 5, 1984 which allows petitioner to proceed under our original jurisdiction under 42 Pa. C. S. §761 is vacated and the petition for review, treated as addressed to our appellate jurisdiction under 42 Pa. C. S. §763, is hereby dismissed with prejudice due to petitioner's failure to exhaust his available administrative remedies with the Pennsylvania Board of Probation and Parole and his failure to comply with the time requirements of Pa. R.A.P. No. 1512(a)(1).

---

[11] The amendment to this regulation which imposed a thirty-day time limit on administrative appeals became effective on September 19, 1982. As the Board order about which petitioner complains was entered on September 19, 1983, this limitation is applicable to his appeal.