# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon E. Williams, Sr.,    :
        Petitioner :
            :
     v.     : No. 987 C.D. 2019
            : Submitted: March 6, 2020
Pennsylvania Board of Probation :
and Parole,       :
       Respondent :


BEFORE:  **HONORABLE RENÉE COHN JUBELIRER,** Judge
      **HONORABLE ANNE E. COVEY,** Judge
      **HONORABLE CHRISTINE FIZZANO CANNON,** Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**      **FILED: April 20, 2020**


  Brandon E. Williams, Sr., pro se, petitions for review of the June 4, 2019 Order of the Pennsylvania Board of Probation and Parole[1] (Board) that denied Williams's Petition for Administrative Review challenging the May 1, 2019 Notice of Board Decision (May 1, 2019 Decision) recalculating Williams's parole violation maximum date and reparole eligibility date based on his recommitment as a convicted parole violator (CPV).[2] On appeal, Williams argues numerous issues, including that the Board erred in recalculating his parole violation maximum and

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] Although Williams's brief indicates he is challenging the May 1, 2019 Decision, his petition for review lists the Board's June 4, 2019 Order as the order he is appealing.

reparole eligibility dates and violated his due process rights by not holding a detention hearing. The Board responds it properly calculated Williams's parole violation maximum and reparole eligibility dates and Williams's constitutional challenge is waived because Williams did not raise it before the Board. After review, we affirm.

On December 29, 2014, the Board paroled Williams from his original sentence,[3] which had a maximum date of June 21, 2019, and he was released on January 28, 2015, upon his graduation from Quehanna Motivational Boot Camp. On May 16, 2018, Williams was arrested on new criminal charges, including stalking, harassment, and criminal trespass. (Police Criminal Complaints, Certified Record (C.R.) at 8-9, 11-13; Criminal Arrest and Disposition Report, C.R. at 18.) The Board issued a Warrant to Commit and Detain on the same day. Williams was arrested on new drug charges on May 23, 2018. (Criminal Arrest and Disposition Report, C.R. at 20.) Williams did not post bail on the new charges and remained confined on both the new charges and the Board's warrant. On March 12, 2019, Williams pled guilty to a charge of disorderly conduct and a drug charge[4] (at separate docket numbers) and was sentenced to serve 6 months to 12 months of confinement for each conviction with the disorderly conduct sentence to run concurrently with the drug charge sentence. (Criminal Dockets, C.R. at 26, 30, 31, 36-37; Guilty Plea and Sentencing Order, C.R. at 40-41.) The Sentencing Order provided that Williams received credit for time served since, respectively, May 16, 2018, and May 23, 2018, the days he was arrested on the disorderly conduct and drug charges, and indicated

---

[3] Williams pled guilty to one drug charge and was sentenced to three years to six years of incarceration. (Sentence Status Summary, Certified Record (C.R.) at 1-2.) Williams spent part of his incarceration at the Quehanna Motivational Boot Camp.

[4] The other charges against Williams were dismissed.

that Williams, "having served his minimum sentence, . . . [was] paroled immediately to his state detainer." (*Id.*)

The Board issued a Notice of Charges and Hearing reflecting the March 12, 2019 convictions, which Williams executed. (C.R. at 52.) Williams waived his rights to counsel and a revocation hearing, and admitted he was convicted of the new charges. (*Id.* at 54.) The Board issued an Order to Recommit, which granted Williams credit for his time spent at liberty on parole and set his custody for return date as March 12, 2019, the date he was sentenced and paroled from the new criminal charges. (*Id.* at 50, 65.) Based on that credit determination, the Board recalculated Williams's new parole violation maximum date as April 16, 2020. This date is the result of adding the 401 days between May 16, 2018, and June 21, 2019, to Williams's return to custody date, March 12, 2019. The Board issued the May 1, 2019 Decision in which it recommitted Williams as a CPV to serve 12 months' backtime, making Williams's reparole eligibility date March 12, 2020.[5]

Williams filed a Petition for Administrative Review on May 8, 2019, asserting that the Board "arbitrarily extended his original maximum date of 6/21/19 to 4/16/20." (*Id.* at 67-68.) Williams argued only the court could change his judicially imposed sentence and the extension violated his constitutional right against double jeopardy as provided by the Fifth Amendment to the United States Constitution.[6] (*Id.* at 68.)

By Order mailed June 4, 2019, the Board denied the Petition for Administrative Review and affirmed the May 1, 2019 Decision. (*Id.* at 70-71.) The

---

[5] There is no mail date listed on the May 1, 2019 Decision, but the Board's June 4, 2019 Order indicates that this decision was "delivered" on May 3, 2019. (C.R. at 64, 70.)

[6] Relevantly, the Fifth Amendment provides: "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V.

3

Board explained that when Williams was paroled on January 28, 2015, he had 1605 days remaining on his sentence. However, because the Board granted Williams credit for his time spent at liberty on parole from January 28, 2015, to May 16, 2018, he had 401 days left on his sentence as of the latter date. The Board stated it did not award Williams any backtime credit toward his original sentence because Williams had been arrested on new charges and detained by the Board on May 16, 2018, did not post bail on the new charges, and was sentenced to a term of county confinement from which he was immediately granted parole as of the date of his sentencing, March 12, 2019, due to his receiving credit for time served. This left all of the 401 days remaining on his original sentence. Due to his immediate parole from his county sentence on the new charges, the Board held that Williams became available to serve his original sentence on March 12, 2019. The Board explained that adding the 401 days to March 12, 2019, resulted in a new parole violation maximum date of April 16, 2020, and adding 12 months to March 12, 2019, made Williams's reparole eligibility date March 12, 2020. Williams now petitions this Court for review.[7]

Williams argues that the Board's Order should be reversed because the credit he received for his time spent at liberty on parole should also have included May 16, 2018, to March 12, 2019, as "liberty time credits also include time while incarcerated on new charges as a time credit for the original paroled sentence cannot be added or taken away until the parolee is paroled from . . . a county sentence if the parolee is incarcerated on a county sentence." (Williams's Brief (Br.) at 6, 13.) He further

---

[7] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

4

asserts that the Board did not afford him a detention hearing following his arrests in May 2018 prior to it ordering him detained pending the disposition of those new charges, which is a violation of his constitutional rights to due process. Finally, he asserts that the April 16, 2020 parole violation maximum date is incorrect and provides various calculations explaining why that date is wrong.

The Board responds it did not err in recalculating Williams's parole violation maximum date and Williams does not provide any legal citation or support for his claims that he should have been granted credit against his original sentence for the period between May 16, 2018, and March 12, 2019. According to the Board, the question of whether Williams should get credit for that period is governed by *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), which holds that time a parolee spends in presentence confinement shall be credited to a parolee's new sentence, rather than the original sentence, where the parolee does not post bail and, therefore, is not confined solely on the Board's detainer. The Board asserts the record establishes that *Gaito* applies here because Williams did not post bail on the new charges, Williams was confined on both the new charges and the Board's detainer, and Williams received credit for his entire presentence confinement period on his new county sentence resulting in his immediate parole on March 12, 2019. It notes that Williams received credit for the time he spent at liberty on parole from when he was released on parole on January 28, 2015, until he was arrested on new criminal charges on May 16, 2018, and he is due no more credit than that.

As for Williams's constitutional violation claim based upon his not receiving a detention hearing, the Board argues that claim is waived under Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a), and Pennsylvania Appellate

5

Rule 1551(a), Pa.R.A.P. 1551(a), because Williams did not raise that claim to the Board in his Petition for Administrative Review. Per this Court's precedent, the Board asserts, "any issue not raised in an administrative appeal or petition for administrative review is waived." (Board's Br. at 10-11 (citing, *inter alia*, *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993)).) The Board acknowledges there are exceptions to this rule but argues those exceptions are not applicable because Williams is not challenging the validity of any statute or the Board's subject matter jurisdiction, or arguing that raising the issue to the Board would have been futile. Finally, it points out that no detention hearing was necessary in this matter under its regulation at 37 Pa. Code § 71.3(1), (2), because Williams had criminal preliminary hearings on and was convicted of the new criminal offenses.

We begin with Williams's challenge to the recalculation of his parole violation maximum date from June 21, 2019, to April 16, 2020. Pursuant to Section 6138(a)(1) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(1), a parolee who, during the period of parole, commits and is convicted or found guilty of a crime punishable by incarceration may be recommitted as a CPV. If recommitted, the parolee is required to serve the remainder of the term which the parolee would have been compelled to serve had parole not been granted, with credit for the time spent at liberty on parole granted only in the Board's discretion. 61 Pa.C.S. § 6138(a)(2), (2.1). The time a parolee spends confined prior to sentencing is credited toward the parolee's original sentence if the parolee satisfies the bail requirements and remains confined only on the Board's detainer. *Gaito*, 412 A.2d at 571. When bail is not posted and the parolee is confined on both the new charges and the Board's warrant, the presentence time is applied to the new sentence unless it is not possible to apply

all of that time to the new sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 305, 309 (Pa. 2003).

Williams offers no legal support for his claim that he should have received credit for the period between May 16, 2018, and March 12, 2019, because it was a continuation of his time spent at liberty on parole, and we agree with the Board that *Gaito* governs this matter. First, Williams was no longer **at liberty** on parole because the Board issued its Warrant to Commit and Detain on May 16, 2018, due to his arrest on new criminal charges, and further ordered him detained pending the disposition of those new criminal charges. Second, beginning May 16, 2018, and through his sentencing on March 12, 2019, Williams was not detained **solely** on the Board's warrant but was confined due to both the warrant and Williams's failure to post bail on the new criminal charges. Therefore, *Gaito* provides that this time is applied to his new sentence, not his original sentence. Finally, Williams does not assert that not all of his presentence confinement could be attributed to his new county sentence, nor could he, because the record is clear that he received credit for time served and was immediately paroled from that sentence on March 12, 2019, his sentencing date. (C.R. at 40-41.) Thus, *Martin* does not apply to allow credit toward Williams's original sentence for any of that period. For these reasons, we conclude that the Board did not err or abuse its discretion in not giving Williams backtime credit toward his original sentence for any of the presentence confinement period.

Further, reviewing the Board's calculation of Williams's new parole violation maximum date, we discern no error or abuse of discretion. Williams's original maximum date was June 21, 2019, he was paroled on January 28, 2015, and he was arrested and detained on the new criminal charges, as well as on the Board's warrant, on May 16, 2018. Because the Board gave Williams credit for the time he spent at

liberty on parole, Williams only had 401 days remaining on his original sentence when he was arrested and detained on May 16, 2018. As discussed above, there was no error or abuse of discretion in the Board not giving Williams backtime credit for his presentence confinement period. Thus, when Williams was paroled from his county sentence on March 12, 2019, he became available to begin serving the 401 days remaining on his original sentence. *See Banks v. Pa. Bd. of Prob. & Parole*, 928 A.2d 384, 387 (Pa. Cmwlth. 2007) (stating that a "newly convicted parolee cannot be available to begin serving backtime on [the parolee's] original sentence any earlier than when [the parolee's] release under a new sentence is announced"). Adding 401 days to March 12, 2019, results in a parole violation maximum date of April 16, 2020. Therefore, the Board's recalculation is correct.

We now turn to Williams's constitutional arguments based on the failure of the Board to hold a detention hearing following the Board's issuance of its Warrant to Commit and Detain on May 16, 2018, an issue that the Board maintains is waived and, even if preserved, is without merit. Section 703(a) of the Local Agency Law provides:

> [a] party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but **such party may not raise upon appeal any other question not raised before the agency** (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S. § 703(a) (emphasis added). This limitation is echoed in Pennsylvania Rule of Appellate Procedure 1551(a), which states:

> **(a) Appellate jurisdiction petitions for review.** Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. **No question shall be heard or**

**considered by the court which was not raised before the government unit** except:

(1) Questions involving the validity of a statute.

(2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.

(3) Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.

The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

Pa.R.A.P. 1551(a) (second emphasis added). Consistent with these provisions, it is well settled that "issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review by this [C]ourt." *McCaskill*, 631 A.2d at 1094-95.

A review of Williams's Petition for Administrative Review reveals that Williams did not raise this constitutional claim therein. (C.R. at 68.) Although Williams challenged the recalculation of his parole violation maximum date, he did not assert that the lack of a detention hearing violated his due process rights. (*Id.*) Moreover, because Williams does not challenge the Board's subject matter jurisdiction or validity of the Code, or aver that he could not have raised this issue before the Board, none of the exceptions to the waiver rule apply. Therefore, based on the settled legal principles set forth above, Williams has waived these arguments for the purposes of appellate review.

However, even if they were preserved, a detention hearing is not required where a preliminary hearing on the criminal charges was held at which a prima facie

9

case is established, which occurred here on May 23, 2018, for the May 16, 2018 charges, and May 30, 2018, for the May 23, 2018 charges. (C.R. at 18, 21, 25, 33.) *See* 37 Pa. Code § 71.3(1) ("A parolee may be detained on a Board warrant pending disposition of a criminal charge following the occurrence of **one** of the following: (i) A district justice has conducted a criminal preliminary hearing and concluded that there is a prima facie case against the parolee" or "(iv) An examiner conducts a detention hearing."), and (2) ("A parolee detained on a Board warrant upon occurrence of **one of the events enumerated in paragraph (1) may be held, without further hearing, pending disposition of the new criminal charge**.") (emphasis added); *Gant v. Pa. Bd. of Prob. & Parole*, 380 A.2d 510, 512 (Pa. Cmwlth. 1977) (holding that a preliminary revocation/detention "hearing need not be conducted if the parolee has been given a preliminary hearing on the charges for the offenses . . . allegedly committed while on parole"). The Board did not issue its decision to detain him based on the May 16, 2018 charges until July 6, 2018, after the preliminary hearing held in that matter. (C.R. at 22.)

Finally, Williams asserts additional arguments in his appellate brief to which the Board does not respond or aver are waived. Williams contends he was held illegally between March 12, 2019, and May 1, 2019, as there was no detainer for him and he had not yet been recommitted as a CPV, but then he states that the May 16, 2018 Board warrant has not yet been removed. (Williams's Br. at 11-12.) As Williams's first argument is inconsistent with his second claim, we will not address this issue. Williams next claims a violation of his constitutional rights to appeal by the Board mailing its reports and orders through the regular inmate mail system, resulting in delays in receipt. As there has been no assertion that any of Williams's

10

appeals were untimely, nor would the record support such a challenge, we need not address this argument.

Last, Williams appears to challenge the imposition of 12 months' backtime, which is not a new sentence but the part of the 401 days remaining of his existing sentence that he must serve due to his new criminal convictions before being eligible for reparole, *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984). That challenge is misplaced. The charges to which Williams pled guilty carry the following presumptive ranges under the Board's regulation at 37 Pa. Code § 75.2: disorderly conduct is 1 to 6 months' backtime; and a violation of Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(16), which is a misdemeanor with a maximum sentence of 12 months, 35 P.S. § 780-113(b), is 3 to 6 months' backtime. 37 Pa. Code § 75.2. So long as the backtime imposed does not exceed either the presumptive range or the remaining balance of the parolee's unexpired term, the backtime is beyond the Court's review. *Wright v. Pa. Bd. of Prob. & Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) (when backtime falls within presumptive range, the length of backtime is not subject to review); *Davenport v. Pa. Bd. of Prob. & Parole*, 656 A.2d 581, 583-84 (Pa. Cmwlth. 1995) (holding that imposition of backtime, even if within presumptive range, cannot exceed the parolee's unexpired term). Here, the combined presumptive range based on Williams's convictions is 4 months to 12 months, making the 12 months' backtime imposed within the presumptive range and beyond this Court's review. Similarly, the 12 months, or 365 days, of backtime imposed does not exceed the 401 days remaining on Williams's original sentence. Therefore, these are not bases for reversing the Board's Order.

For the foregoing reasons, we affirm the Board's Order.[8]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[8] Williams has also filed with the Court a "Petition to Vacate Revocation Proceedings" and a "Petition for Writ of Mandamus and or Extraordinary Relief" (Petitions) based on his allegations that the Board did not provide him a detention hearing prior to detaining him pending disposition of the new criminal charges against him. In both Petitions, Williams seeks his immediate release from custody and from any supervision by the Board. To the extent these Petitions reflect an additional appellate challenge to the Board's Order, Williams has waived this issue and we will not address it in the context of these alternative Petitions. If the Petitions are addressed to this Court's original jurisdiction, Williams was required to have exhausted "**all** available administrative remedies" related to the Board's recommitment and recalculation "before a right to judicial review of that order arises." *St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146, 151-52 (Pa. Cmwlth. 1985). "[A] parolee's failure to exhaust [the] available administrative remedies acts as a bar to judicial intervention in the administrative process." *Id.* at 152. Although Williams engaged in the available administrative appeal process with the Board and obtained an unfavorable decision therefrom, he did not raise the issue asserted in these Petitions during those proceedings thereby resulting in its waiver. In effect, Williams's failure to petition the Board for administrative relief based on this claim means he did not exhaust his administrative remedies related thereto and is, therefore, barred from raising it in these Petitions. As this issue goes to this Court's jurisdiction to consider these petitions, we may raise it *sua sponte*. *Id.* at 150. For these reasons, the Petitions are dismissed with prejudice.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon E. Williams, Sr.,              :
                   Petitioner              :
                                      :
                v.              :    No. 987 C.D. 2019
                                        :
Pennsylvania Board of Probation       :
and Parole,                            :
                  Respondent              :

## O R D E R

NOW, April 20, 2020, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**. In addition, the "Petition to Vacate Revocation Proceedings" and "Petition for Writ of Mandamus and or Extraordinary Relief" filed by Brandon E. Williams, Sr., are hereby **DISMISSED WITH PREJUDICE**.

                                    _____

                                    **RENÉE COHN JUBELIRER,** Judge