# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jovan Lance Bradley, : 
              Petitioner : 
               : 
        v.                 :   No. 132 M.D. 2019
                      :   Submitted: July 19, 2019
Pennsylvania Board of           : 
Probation and Parole,           : 
              Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge[1]
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED: June 23, 2021**

Petitioner Jovan Lance Bradley (Bradley), *pro se*,[2] filed in this Court a dual jurisdiction petition for review, seeking appellate review of the Pennsylvania Board of Probation and Parole's (Board)[3] final determination, dated February 15, 2019, and

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

[2] We note counsel had been appointed to represent Bradley in this matter, but Bradley requested to proceed *pro se*. This Court essentially granted Bradley's request by granting the application to withdraw as counsel filed by Bradley's appointed counsel. (*See* Order dated March 28, 2019.)

[3] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

seeking in our original jurisdiction relief in the form of mandamus and declaratory judgment. As to the Court's appellate jurisdiction, we affirm the Board's final determination. As to the Court's original jurisdiction, we deny Bradley's application for summary relief.

## I. BACKGROUND

The Court of Common Pleas of Lancaster County (trial court) found Bradley guilty of robbery and reckless endangerment and sentenced him to a term of incarceration of 6 years and 3 months to 13 years, resulting in a minimum sentence date of February 18, 2013, and a maximum sentence date of November 18, 2019. (Certified Record (C.R.) at 1-2.) By decision recorded on October 15, 2015, the Board granted Bradley parole. (*Id.* at 4.) On November 16, 2015, Bradley was released on parole. (*Id.* at 7.) At the time of his parole, he had a parole violation maximum date of June 11, 2020. (*Id.*)

On June 3, 2017, police found Bradley in possession of a small amount of marijuana and a firearm. (*Id.* at 12.) That same day, the Lancaster County District Attorney criminally charged Bradley with several offenses, and the Board issued a warrant to recommit and detain him. (*Id.* at 11, 35, 39.) The trial court set Bradley's monetary bail on June 3, 2017, and Bradley posted bail on June 12, 2017. (*Id.* at 39.) The trial court re-set Bradley's bail on July 12, 2018. (*Id.* at 35.) On July 13, 2018, Bradley pled no contest to the following offenses: possession of marijuana, use/possession of drug paraphernalia, failure to stop at red signal, firearms not to be carried without license, and make repairs/sell offensive weapons.[4] (*Id.* at 40.) The

_____

[4] For purposes of determining backtime to be imposed for these convictions, we note that Bradley's first two offenses constituted violations of Section 13(a)(31) and (32) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(31), (32), respectively. Pursuant to Section 13(g) and (i) of the

2

trial court sentenced Bradley to a term of incarceration of 2 to 4 years (new sentence). (*Id.*)

Bradley subsequently waived his rights to counsel and a revocation hearing before the Board, and he admitted he was convicted of new criminal offenses. (*Id.* at 23.) On September 11, 2018, the Board recommitted Bradley as a convicted parole violator with a custody for return date of that same day. (*Id.* at 31-32, 59.) The Board imposed 48 months' backtime upon Bradley and recalculated his parole violation maximum date to be March 8, 2022. (*Id.*) The Board exercised its discretion and did not credit Bradley for the time he spent at liberty on parole, citing his "prior history of supervision failures; unresolved drug and alcohol issues; [and a] new conviction [that] involved possession of a weapon." (*See id.* at 68, 85.)

Bradley sought administrative relief with the Board. (*Id.* at 57-60.) Bradley essentially argued: (1) the Board erred in imposing 48 months' backtime upon him because it exceeds the remaining balance of 3 years, 5 months, and 26 days on his original sentence; (2) the Board erred in failing to calculate the service of his new sentence because the Board did not abide by the trial court's sentencing order, which he contended required that he receive credit on his new sentence for the time he spent incarcerated from June 3, 2017, until July 13, 2018, and that the sentences run concurrently; and (3) the Board abused its discretion when it imposed 48 months'

---

Drug Act, 35 P.S. § 750-113(g), (i), these drug offenses are both misdemeanor offenses, the first resulting in imprisonment not exceeding 30 days and the second resulting in imprisonment not exceeding 1 year. Bradley's failure to stop at a signal constituted a violation of Section 3112(a)(3)(i) of the Vehicle Code, 75 Pa. C.S. § 3112(a)(3)(i), which is a summary offense under Section 3111(a.1) of the Vehicle Code, 75 Pa. C.S. § 3111(a.1). Bradley's fourth offense constituted a violation of Section 6106(a)(1) of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa. C.S. § 6106(a)(1), which is a felony of the third degree. Finally, Bradley's last offense constituted a violation of Section 908(a) of the Crimes Code, 18 Pa. C.S. § 908(a), which is a misdemeanor of the first degree.

backtime, because it is excessive, harsh, and outside the presumptive range guidelines for the charges for which he was convicted. (*Id.*)

The Board denied Bradley's request for administrative relief on February 15, 2019, stating:

> The [B]oard paroled you from a state correctional institution (SCI) on November 16, 2015[,] with a max[imum] date of June 11, 2020. This left you with a total of 1669 days (4 years[,] 6 months[,] 26 days) remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive[d] no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 1669 days remaining on your sentence based on your recommitment.
>
> On June 3, 2017[,] the [B]oard lodged its detainer against you. Also on June 3, 2017[,] you were arrested for new criminal charges in the Court of Common Pleas of Lancaster County at docket number 3022-2017. You posted bail on June 12, 2017, and bail was re-set on July 12, 2018. You were sentenced on July 13, 2018[,] to a term of state confinement.
>
> Based on these facts[,] the Board awarded backtime credit from June 12, 2017[,] to July 12, 2018 (395 days). Subtracting this 395 days, means there was still a total of 1274 days remaining on your original sentence.
>
> The Prisons and Parole Code[5] provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a state correctional institution must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until September 11, 2018, when the [B]oard made [its] decision. Adding 1274 days to that date yields a new maximum sentence date of March 8, 2022.

(*Id.* at 112-13.)

---

[5] 61 Pa. C.S. §§ 101-7123.

Bradley filed the subject dual jurisdiction petition for review with this Court, in which he, in a very limited manner, sets forth dates and circumstances surrounding his most recent arrest and conviction and summarizes the actions of the Board in revoking parole and establishing his new parole violation maximum date. As to the substance of his appeal of the Board's final determination, Bradley avers only that the Board failed to address the three issues he asserted in his administrative remedies form. As to his original jurisdiction action, Bradley merely references the Declaratory Judgments Act, 42 Pa. C.S. §§ 7531-7541,[6] and this Court's jurisdiction to hear petitions for writ of mandamus.[7]

Bradley also filed an application for summary relief. In the application, he contends that the Board erred as a matter of law in failing to calculate the service of his new sentence and appears to question the Board's ability to require him to serve

---

[6] "[A]n action seeking declaratory judgment is not an optional substitute for established or available remedies and should not be granted where a more appropriate remedy is available." *Pittsburgh Palisades Park, LLC v. Pa. State Horse Racing Comm'n*, 844 A.2d 62, 67 (Pa. Cmwlth.), *appeal denied*, 864 A.2d 1206 (Pa. 2004). "Where another remedy has already been sought in a pending proceeding, a declaratory judgment action should not ordinarily be entertained." *Id.* Furthermore, a "declaratory judgment[] should not be an available remedy for those who have failed to first use appropriate agency procedures." *Buehl v. Pa. Dep't of Corr.*, 635 A.2d 217, 219 (Pa. Cmwlth. 1991), *aff'd*, 635 A.2d 113 (Pa. 1993).

[7] "A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). A writ of mandamus may only be issued "where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the [respondent] possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Id.* With regard to this Court's jurisdiction, it is well settled that a writ of mandamus asserting that the Board erred "in computing [an inmate's] term of imprisonment upon his recommitment for a parole violation based upon subsequent criminal convictions" is not a matter properly addressed to this Court's original jurisdiction. *McMahon v. Pa. Bd. of Prob. & Parole*, 470 A.2d 1337, 1337 (Pa. 1983). Rather, such matters should be raised in the Court's appellate jurisdiction by timely petition for review from a final determination of the Board.

5

the balance of his original sentence prior to serving his new sentence. It appears that Bradley interprets the trial court's 2018 sentencing order as providing that his new sentence begins on July 13, 2018, and that he is entitled to credit in the amount of 406 days against the new sentence for the period of June 3, 2017, through July 13, 2018. He argues that the Board applied Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5),[8] in a manner that undermines Pennsylvania Rule of Criminal Procedure 705[9] and overrules the trial court's sentencing order. He seeks declaratory relief as to the Board's recalculation in light of the trial court's order. He also raises issues regarding the Board's imposition of the 48 months' backtime, contending that the Board abused its discretion in so doing and that the Board failed to include in its determination the applicable presumptive range.

As directed by the Court, the parties filed briefs addressing the merits of the appellate portion of the matter and the application for summary relief.

---

[8] Section 6138(a)(5) of the Prisons and Parole Code essentially requires that a convicted parole violator serve the balance of a term originally imposed by a Pennsylvania court *before* serving a new sentence, if the convicted parole violator had been paroled from a state correctional institution and the new sentence is to be served in a state correctional institution.

[9] Pennsylvania Rule of Criminal Procedure 705, pertaining to imposition of sentence, provides:

> (A) When imposing a sentence to imprisonment, the judge shall state the date the sentence is to commence.

> (B) When more than one sentence is imposed at the same time on a defendant, or *when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.*

(Emphasis added.)

6

## II. ISSUES

In his brief to this Court, Bradley identifies nine issues in his Statement of Questions Involved, without identifying whether he raises the issues in this Court's appellate or original jurisdiction. The issues are: (1) whether the Board abused its discretion in imposing 48 months' backtime; (2) whether the Board erred in imposing backtime that exceeded the entire remaining balance of his original sentence; (3) whether the Board erred in denying him credit for his time spent at a community corrections facility; (4) whether he did not receive the benefits promised to him within his plea agreement for the new charges (Plea Agreement); (5) whether the Board has the authority to add or delete sentencing conditions of the negotiated nolo contendere Plea Agreement that the trial court accepted; (6) whether the Board has the authority to alter the trial court's order, dated July 13, 2018 (Sentencing Conditions Order); (7) whether the Board erred in its recalculation of his parole violation maximum date; (8) whether the Board erred in failing to calculate the service of his new sentence; and (9) whether he received an illegal sentence.[10, 11]

## III. DISCUSSION

### A. Board's Imposition of Backtime

Bradley raises two issues with regard to backtime, both of which he raised before the Board: (1) whether the Board abused its discretion when it

---

[10] The issues presented by Bradley in his petition for review, application for summary relief, and brief do not correspond neatly to one another, and we have rearranged the presented issues for the Court's convenience. Most of the issues set forth in the Statement of Questions Involved may fairly be considered as sub-issues of the issues Bradley raised before the Board. Unless stated otherwise, our analysis pertains to our appellate review.

[11] When considering matters in our appellate jurisdiction, this Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704. With regard to applications for summary relief addressed to the Court's original jurisdiction

7

imposed 48 months' backtime, and (2) whether the Board erred in imposing backtime that exceeded the remaining balance of Bradley's unexpired term for his original sentence.

"Backtime" is defined as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1. After recommitting an individual as a convicted parole violator, the Board may impose backtime upon the parolee, and that backtime must be served prior to the service of any new sentence. 61 Pa. C.S. § 6138(a)(5). When the Board calculates the amount of a parolee's backtime owed, it is exercising its exclusive discretion to establish the parolee's new parole eligibility date, otherwise known as the minimum sentence date. *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047-48 (Pa. Cmwlth. 1984). Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2, pertaining to presumptive ranges for convicted parole violators, provides, in part: "If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled . . . ." It then sets forth a list of "offense categories" with corresponding presumptive ranges. 37 Pa. Code § 75.2. This Court will not review "the Board's judgment in assessing [the] mitigating and aggravating factors" relevant in each case, if any, so long as the amount of backtime imposed upon the parolee is within the presumptive

under Pennsylvania Rule of Appellate Procedure Rule 1532(b), "[s]ummary relief is similar to summary judgment under the Pennsylvania Rules of Civil Procedure, in that the requested relief is only appropriate where there are no disputed issues of material fact and it is clear that the applicant is entitled to the requested relief under the law." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. 2019). "Moreover, we review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *Id.*

range as set forth in 37 Pa. Code § 75.2. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 561 (Pa. 1990). The Board's discretion is limited, however, as it may not impose backtime that exceeds "the total aggregate maximum sentence first imposed by the trial court." *Davenport v. Pa. Bd. of Prob. & Parole*, 656 A.2d 581, 583 (Pa. Cmwlth. 1995) (quoting *Merritt v. Pa. Bd. of Prob. & Parole*, 574 A.2d 597, 597-98 (Pa. 1990)).

As to whether the Board abused its discretion by imposing 48 months' backtime, we must consider the relevant presumptive ranges set forth in Section 75.2 of the Board's regulations. The presumptive ranges relative to the matter now before us are as follows: 1 to 3 months for a violation of the Drug Act[12] involving a misdemeanor with a statutory maximum of 30 days—*i.e.*, Bradley's conviction under 35 P.S. § 780-113(a)(31); 3 to 6 months for a violation of the Drug Act involving a misdemeanor with a statutory maximum of 1 year—*i.e.*, Bradley's conviction under 35 P.S. § 780-113(a)(32); 18 to 24 months for a violation of the Uniform Firearms Act[13]—*i.e.*, Bradley's conviction under 18 Pa. C.S. § 6106(a)(1); and 12 to 18 months for a crime of prohibited offensive weapons—*i.e.*, Bradley's conviction under 18 Pa. C.S. § 908(a). Together, these convictions result in an aggregated presumptive range of 34 to 51 months. Thus, the Board did not abuse its discretion to the extent that the amount of backtime imposed—*i.e.*, 48 months—is within the presumptive range established for Bradley's new convictions.

As to whether the Board's imposition of backtime exceeded the remaining balance of Bradley's unexpired term for his original sentence, a review of the record reveals that, although the Board purported to impose 48 months' backtime

---

[12] 35 P.S. §§ 780-101 to -144.

[13] 18 Pa. C.S. §§ 6101-6128.

(*i.e.*, 1440 days' backtime), the Board did not impose the entire 48 months when recalculating the time remaining on Bradley's sentence. Instead, the Board's recalculation took into consideration that the amount of the backtime imposed cannot exceed the time remaining on Bradley's original sentence. The record shows (and Bradley concedes) that 1669 days remained on Bradley's original sentence at the time he was paroled. (Petitioner's Brief at 8; C.R. at 7.) In recalculating his sentence, the Board awarded Bradley a credit of 395 days for the period from June 12, 2017, to July 12, 2018, which reduced the time remaining on his original sentence from 1669 days to 1274 days (1669 – 395 = 1274). (C.R. at 55, 69.) As a result of the backtime imposed, the Board then added 1274 days[14] (not the full 1440 days) to Bradley's custody return date of September 11, 2018, thereby resulting in a new parole violation maximum date of March 8, 2022. (*Id.*) Thus, the Board did not impose backtime that exceeded the remaining balance of Bradley's original sentence, because it imposed only 1274 days—*i.e.*, the exact number of days that remained on his original sentence.

## B. Credit for Time Spent at a Community Corrections Facility

Bradley argues that the Board erred in its recalculation of his maximum sentence date because it did not grant him credit for the time he spent at a community corrections facility. Section 6138(a)(2) and (2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2), (2.1), provides that a recommitted parolee shall not be given credit for time at liberty on parole, although the Board may in its discretion award such credit unless certain circumstances exist. Whether a parolee's time spent in a community corrections facility is the equivalent of being "at liberty on parole" as opposed to "incarceration," the latter of which would require the Board to grant

---

[14] 1274 days is the equivalent of 3 years, 5 months, and 26 days. (C.R. at 55, 69.)

credit for the time spent in the facility, is dependent on a very fact-specific analysis of the circumstances surrounding the conditions of his time at the facility. *Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 952 (Pa. Cmwlth. 2006).

Bradley failed to raise this issue in his administrative appeal before the Board, (*see* C.R. at 57-60), and raises the issue for the first time on appeal to this Court. This issue, therefore, is waived.[15] Bradley, likely in acknowledgment that he waived this issue on appeal, contends that he is entitled to relief in our original jurisdiction. We reject Bradley's assertion that this issue is within our original jurisdiction, as it is a challenge to the Board's computation of his recalculated "term of imprisonment upon his recommitment for a parole violation based upon subsequent criminal convictions" and, as such, must be raised in this Court's appellate jurisdiction. *See McMahon*, 470 A.2d at 1337.

### C. Plea Agreement and Sentencing Conditions Order

Bradley raises three issues relating to the Plea Agreement and the Sentencing Conditions Order. Specifically, Bradley argues that he did not receive the benefits promised to him in his Plea Agreement, the Board lacked the authority to add or delete sentencing conditions of a negotiated nolo contendere plea agreement that the trial court accepted, and the Board similarly lacked the authority to alter the trial court's Sentencing Conditions Order. In support of these arguments, Bradley points not only to his Plea Agreement and Sentencing Conditions Order but also to the criminal docket sheets pertaining to his new charges. Bradley contends that "as part of his [P]lea [A]greement all counts of each charge were to run [c]oncurrently with

---

[15] Pursuant to Pennsylvania Rule of Appellate Procedure 1551(a), this Court cannot consider any question that "was not raised before the government unit." "[I]ssues not raised before the Board either at the revocation hearing or in the [parolee's] administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).

each other, as well as any subsequent [v]iolation," and his new sentence was to commence on July 13, 2018, with 406 days credited toward the service of this sentence. (Petitioner's Brief at 5, 10.) He also asserts in his brief that he "was under the impression" that all of his sentences would run concurrently and that "406 [d]ays would be applied to this sentence." (*Id.* at 12.) The gist of Bradley's argument appears to be that the trial court's Sentencing Conditions Order provided that his new sentence was to begin on July 13, 2018, and that the Board's recommitment of him as a convicted parole violator to serve 48 months' backtime effectively "stopped the commencement of [his] [n]ew [s]entence, and ran each [n]ew [c]riminal [c]onviction separately, which in essence turned [his] concurrent sentence into a consecutive sentence." (*Id.* at 5-6.) Furthermore, he complains that the Board failed to calculate a credit of 406 days in relation to his new sentence. (*Id.* at 7.)

We note, however, that the Plea Agreement does not address the date that the new sentence is to begin, any credit to which Bradley may be entitled, or whether sentences are to run consecutively or concurrently. (C.R. at 76.) The Sentencing Conditions Order includes a variety of boxes to check, one of which provides: "Credit for time served _____ Sentence starts _____ (subject to verification)." (*Id.* at 72.) That box is checked, and the date "6/3/17" is handwritten in the first blank. (*Id.*) The entry appears to provide that Bradley is to receive credit for time served beginning June 3, 2017—*i.e.*, the date on which he was taken into custody on the new charges and the date of the Board's warrant to commit and detain. The entry does not provide the date the sentence starts, and it suggests that these dates may be subject to verification. The Sentencing Conditions Order does not address whether any sentences are to run consecutively or concurrently. The "Disposition Sentencing/Penalties" portion of the criminal docket sheets relating to the new

12

convictions indicates that Bradley received "[n]o [f]urther [p]enalty" for the drug convictions and failure to stop at a red signal. (*Id.* at 40.) With regard to the firearms and weapons convictions (*i.e.*, the new sentence), the criminal docket sheets provide that both sentences would begin on July 13, 2018, such that the sentences would run concurrently with each other. (*Id.* at 40-41.) Notations included on the criminal docket sheets indicate that Bradley was to receive 406 days of credit for time served prior to sentencing on the new convictions, although they did not specify as to how the time was to be divided between the original sentence and the new sentence. (*Id.*) Neither the Plea Agreement nor the Sentencing Conditions Order provides that Bradley's new sentence is to run concurrently with Bradley's original sentence.

Even if we were to conclude otherwise, Section 6138(a)(5)(i) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5)(i), provides that "[i]f a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term" in cases where "a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution." We have held that, because Section 6138(a)(5) requires that a convicted parole violator "serve the backtime on [his] original state sentence before [he] can begin to serve time on a newly imposed state sentence," "the Board may not impose backtime to run concurrently with a new sentence for an offense committed while on parole," regardless of a court order or plea agreement that the sentences run concurrently.[16]

---

[16] In support of Bradley's contention that the Board erred in disregarding the trial court's decision to direct that his new sentence run concurrently with his original sentence, Bradley relies upon Pennsylvania Rule of Criminal Procedure 705. Specifically, Bradley asserts that Rule 705 authorized the trial court to run the new and original sentences concurrently, and that Section 6138(a)(5) of the Prisons and Parole Code improperly undermined the authority of the trial court to do so. As discussed above, however, we disagree with the underlying premise of Bradley's

*Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1140 (Pa. Cmwlth. 2016). Thus, no trial court nor district attorney can, through a plea agreement or sentencing order that purports to allow a parolee to serve his new sentence concurrently with his original sentence, alter the statutory requirement that a parolee shall serve his original and new sentences consecutively. 61 Pa. C.S. § 6138(a); *Kerak*, 153 A.3d at 1138. Furthermore, a parolee is not entitled to enforce a plea agreement that directs a parolee's original and new sentences to be served concurrently. *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016). The proper remedy for an invalid sentencing order that promises a parolee that his original and new sentences will run concurrently is for the parolee "to seek to vacate the plea agreement in the trial court." *Id.* Moreover, "a challenge to the legality of a sentence is nonwaivable." *Commonwealth v. Williams*, 662 A.2d 658, 659 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1071 (Pa. 1996).[17]

Section 6138(a)(4) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(4), further provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." The provisions of Section 6138(a)(4), therefore, become operative only once the Board has revoked parole. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019). In *Barnes*, we explained:

> [I]t is well established that the requirement that a [convicted parole violator] serve the balance of his original sentence is only operative

---

contention—*i.e.*, that the Sentencing Conditions Order directed that the new sentence run concurrently with his original sentence. Thus, we need not address it further.

[17] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

once "parole has been revoked and the remainder of the original sentence becomes due and owing." Therefore, "credit for time a [convicted parole violator] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a [convicted parole violator].

*Barnes*, 203 A.3d at 391-92 (citations omitted).

With regard to Bradley's argument that the Board failed to provide him with the 406 days of credit to which he was entitled, we note that a parolee is entitled to pre-confinement credit on *either* his original sentence *or* new sentence for time spent in confinement prior to sentencing on a subsequent criminal conviction. To which sentence the time is credited depends on the nature of the parolee's pre-sentence confinement. When the Board has lodged a detainer and the parolee has not posted bail on his new criminal charges, such that the parolee is being confined on both the Board's detainer warrant and as a result of the pending criminal charge, pre-sentence confinement credit must be applied to reduce the new sentence of incarceration unless the credit would exceed that new sentence of incarceration. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d. 299, 306-09 (Pa. 2003). When a parolee has posted bail, however, such that he is confined solely on the Board's detainer warrant, the Board must apply the pre-sentence confinement credit to reduce the unserved balance of the sentence from which the parolee was paroled. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).

Here, the Board lodged its detainer warrant against Bradley on June 3, 2017, the same date on which Bradley was arrested for new criminal charges. Bradley posted bail on June 12, 2017, and bail was re-set on July 12, 2018. He was sentenced to a term of state imprisonment for the new convictions on July 13, 2018. Thus, Bradley was in pre-sentence confinement for 406 days from June 12, 2017, to

15

July 13, 2018. Of those 406 days, Bradley was confined solely on the basis of the Board's detainer warrant for the 395 days from June 12, 2017, until his bail was reset on July 12, 2018, and the Board properly credited Bradley's original sentence for those 395 days. To the extent that Bradley is entitled to an additional 11 days of credit for the time he was confined as a result of the new charges *and* the Board's detainer warrant, those days shall be credited to his new sentence once the dates of his new sentence are calculated following Bradley's completion of his original sentence.[18] The Board, therefore, did not err in its calculation of the credit to which Bradley was entitled as a result of his pre-sentence confinement.

In summary, as to whether Bradley's new sentence and original sentence are to run concurrently or consecutively, Section 6138(a)(5)(i) of the Prisons and Parole Code requires that they run consecutively—in other words, the balance of the original sentence must be served prior to the service of the parolee's new sentence. As to Bradley's contention that his new sentence was to begin on July 13, 2018— the date on which the trial court issued the Sentencing Conditions Order—Bradley is correct. This is because, pursuant to Section 6138(a)(4) of the Prisons and Parole Code, Bradley cannot again begin to serve time on his original sentence until his parole is officially revoked by the Board, which did not happen until September 11, 2018, when the second Board member signed the hearing report recommitting Bradley as a convicted parole violator. This fact, however, does not indicate any error on the part of the Board. As to Bradley's assertion that the Board erred regarding the 406 days of credit to which he was entitled, he is wrong. As discussed above, the Board properly credited his original sentence for the 395 days

___

[18] Bradley was held on both the new charges and the Board's detainer warrant from June 3, 2017, to June 12, 2017, and again when his bail was reset on July 12, 2018.

16

that Bradley was confined based solely on the Board's warrant to commit and detain. Any credit owing on Bradley's new sentence will be calculated at a later date.

### D. Recalculation of Original Sentence

Bradley argues that the Board erred in its recalculation of his parole violation maximum date. Bradley's argument is premised, in part, upon his contentions that: (1) the Board's imposition of backtime was outside of the presumptive range and, therefore, excessive; (2) the Board erred in failing to grant him credit for time spent in a community corrections facility; (3) the Board erred in treating the new sentence as running consecutive to the original sentence as opposed to concurrent with it; and (4) the Board erred in not crediting him for the 406 days he spent in confinement from the date of his arrest until his sentencing. As discussed above, however, the Board did not err in these respects.

The only other basis that Bradley asserts is that the Board, in recalculating his parole violation maximum date for his original sentence, added the 1274 days remaining on his original sentence to the wrong return-to-custody date. As discussed above, the Board recalculated Bradley's original sentence following his return to the Board's custody on September 11, 2018, after the new sentence was imposed. Bradley contends that, instead, the Board should have recalculated his original sentence as of June 12, 2017, the date he posted bail on his new charges, because at that point he was being held solely on the basis of the Board's detainer warrant such that he was in the Board's custody. As noted above, Section 6138(a)(4) of the Prisons and Parole Code provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody *to be returned to the institution as a parole violator*." (Emphasis added.) Bradley's posting of bail prior to his conviction and

ultimate sentencing on the new charges did not constitute being "returned to the institution as a parole violator," because the Board had not yet recommitted Bradley as a convicted parole violator. After Bradley's sentencing on the new charges, the Board recommitted him as a convicted parole violator when the second Board member signed the parole hearing report. *See Barnes*, 203 A.3d at 392. Thus, September 11, 2018, was the operative date for Bradley's return to the custody of the Board.[19] *See id.* at 391. Thus, Bradley's argument is without merit, and the Board properly recalculated his original sentence based upon his return to custody as a convicted parole violator on September 11, 2018.

### E. Calculation of New Sentence

Bradley also argues that the Board erred in failing to calculate the service of his new sentence. This argument appears to be premised upon Bradley's misapprehension that this new sentence was to run concurrently with his original sentence. As explained above, such is not the case. Bradley must complete his original sentence before he serves his new sentence dates. Thus, his new sentence cannot be calculated until he completes his original sentence.

### F. Legality of Sentence

Finally, and likely in recognition that a sentencing order directing an original sentence and a new sentence to run concurrently would constitute an illegal sentencing order, Bradley appears to argue alternatively in the Court's original jurisdiction that he received an illegal sentence. Rather than seek to invalidate the Plea Agreement and Sentencing Conditions Order in the trial court, *see Palmer*,

---

[19] Furthermore, we note that Bradley has already received 395 days' pre-sentence credit on his original sentence for this time. To allow Bradley to receive credit for those days and have his original sentence start to run again on June 12, 2017, would result in impermissible double credit to Bradley for those 395 days.

18

134 A.3d at 166, Bradley contends that he is entitled to the benefit of the Plea Agreement and Sentencing Conditions Order. This argument fails for two reasons. First, Bradley's argument is premised on his mistaken belief that the Plea Agreement and the Sentencing Conditions Order were to provide that the original and new sentences run concurrently, but neither the Plea Agreement nor the Sentencing Conditions Order indicate that they are to run concurrently. Second, just as the Board cannot enforce an illegal sentence, neither can this Court.

## IV. CONCLUSION

For the reasons set forth above, we affirm the final determination of the Board and deny Bradley's application for summary relief.[20]

_____
P. KEVIN BROBSON, Judge

---

[20] To be clear, the Court concludes that Bradley has not presented any claims on which he may prevail in this Court's original jurisdiction. In the absence of an application for summary relief filed by the Board, however, the Court is without a procedural vehicle through which to dismiss the original jurisdiction portion of the action.

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jovan Lance Bradley,                          :
                   Petitioner      :
                              :
           v.                           :  No. 132 M.D. 2019
                              :
Pennsylvania Board of                         :
Probation and Parole,                         :
                 Respondent       :

# **O R D E R**

AND NOW, this 23rd day of June, 2021, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED, and Jovan Lance Bradley's application for summary relief is DENIED.

 

                                            _____

                                         P. KEVIN BROBSON, Judge