# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bradley Torrence, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 481 M.D. 2023 |
| | : | Submitted: July 5, 2024 |
| Pennsylvania Board of Probation and | : | |
| Parole, | : | |
| Respondent | : | |

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE ELLEN CEISLER,** Judge
                **HONORABLE MARY HANNAH LEAVITT,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: September 3, 2024**

Before the Court in its original jurisdiction are the preliminary objections of the Pennsylvania Board of Probation and Parole[1] (Board) to the petition for review (Petition) filed in our original jurisdiction by Bradley Torrence (Petitioner) through counsel. Though Petitioner attempts to file this action in our original jurisdiction, actions against the Board challenging the computation of a maximum date belong in our appellate jurisdiction. Therefore, we sustain the Board's preliminary objection

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101, 6111(a).

challenging jurisdiction and direct the Prothonotary to transfer this matter to our appellate jurisdiction.

Petitioner filed the Petition on October 20, 2023, seeking a declaratory judgment and writ of mandamus against the Board. In his Petition, he avers as follows. Petitioner is an inmate serving a 6- to 20-year sentence for murder and a 1- to 2-year sentence for possession of an instrument of a crime. (Petition ¶¶ 1-3.) In 1996, he was paroled, at which time his sentence was set to expire in 2009. (*Id.* ¶ 4.) In 2004, he violated his parole, was recommitted as a convicted parole violator (CPV), and was ordered to serve nine months. (*Id.* ¶ 5.) The Board decided to give Petitioner credit for his time served at liberty on parole. (*Id.* ¶ 7.) He was reparoled in 2005 but was arrested on federal charges in 2006 and subsequently convicted of those charges on August 18, 2010. (*Id.* ¶¶ 6, 8-9.) Thereafter, the Board found him in violation of his parole after his federal conviction, and he was ordered to serve a sentence of 12 months as a CPV. (*Id.* ¶¶ 10-11.) Thus, in 2010, the Board extended Petitioner's maximum date to December 8, 2022, because it "revisit[ed] its earlier decision in 2005 to award time credit to [Petitioner] for time spent on parole during the years 1996 and 2004." (*Id.* ¶ 12.)

Petitioner argues that the Board had no authority to revisit its 2005 decision under Section 6138 of the Prisons and Parole Code, 61 Pa.C.S. § 6138. (*Id.* ¶ 13.) He cites *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810 (Pa. 2020), for the proposition that the Board may not rescind a previous grant of credit for time spent at liberty on parole. (*Id.* ¶ 14.) The Board, Petitioner asserts, acted illegally in purporting to extend Petitioner's maximum date. (*Id.* ¶ 15.) He argues that because *Young* clarified the law, it should apply retroactively. (*Id.* ¶ 19.) Petitioner, therefore, requests that this Court enter "a [d]eclaratory [j]udgment []

2

establishing that the Board['s] 2010 action rescinding a prior grant of credit for time spent at liberty on parole was illegal," issue "a writ of mandamus compelling the [Board] . . . to correct its files, databases and records and correct [Petitioner's] maximum date[,]" and finally, to "declare that *Young* applies retroactively." (*Id.*, Wherefore Clause.)

To his Petition, Petitioner has attached two communications from the Board. The first is a letter dated August 28, 2023 (First Letter), which responds to the "administrative remedies form" Petitioner filed with the Board on July 22, 2023, seeking "relief from [Petitioner's] recalculated maximum date, as set forth in the Board decision recorded on September 30, 2010[.]" (*Id.* at Attachment.)[2] It cites the Board's regulation, 37 Pa. Code § 73.1,[3] which provides that "petitions for

---

[2] The letters are not attached as a separate, labeled exhibit.

[3] That relevant portion of that regulation provides:

  (b) *Petitions for administrative review.*

> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office **within 30 days of the mailing date of the Board's determination**. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. This subsection supersedes 1 Pa. Code § 35.226.

> (2) The failure of a petition for administrative review to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the petition.

**(Footnote continued on next page…)**

3

administrative review must be received at the Board's central office within 30 days of the mailing date of the decision which authorized such a request." (*Id.*) Because the challenge to the 2010 recalculation was received 13 years later, the Board dismissed it as untimely. (*Id.*) The letter informed Petitioner that he could file an appeal of that determination with the Commonwealth Court within 30 days. The second letter, dated September 21, 2023 (Second Letter), references an administrative remedies form the Board received from Petitioner on September 13, 2023, which it dismissed as an unauthorized second or subsequent filing pursuant to 37 Pa. Code § 73.1. (*Id.*)

The Board raises two preliminary objections. Its first, brought under Pennsylvania Rule of Civil Procedure 1028(a)(1), Pa.R.Civ.P. 1028(a)(1), challenges service, which the Court disposed of previously,[4] and its second, also brought under Pa.R.Civ.P. 1028(a)(1), challenges this Court's jurisdiction over the Petition. The parties having briefed their respective positions, the second preliminary objection is ripe for the Court's disposition.

The Board argues that Petitioner brings this action more than a decade late because Petitioner did not file a petition for administrative review within 30 days of the mailing of the decision recalculating his maximum date in 2010, citing 37 Pa.

> (3) **Second or subsequent petitions for administrative review** and **petitions for administrative review which are out of time** under this part **will not be received**.
>
> (4) An employe of the Board designated by the Chairperson may review and respond to a petition for administrative review.

37 Pa. Code. § 73.1(b) (bold emphasis added).

[4] After the filing of the preliminary objections, the Court sustained the service preliminary objection, ordered Petitioner to properly serve the Board by December 12, 2023, and provided that the failure to do so would result in dismissal. (Order, 11/28/23.) Petitioner filed a certificate of service verifying that he served the Board in the required time. (Certificate of Service, 12/04/23.)

4

Code § 73.1(b)(1). It also asserts that challenges to parole revocation and recalculation decisions belong in our appellate, and not original, jurisdiction. The Board points out that Petitioner could have (but did not) appeal the Board's 2023 decision, memorialized in the First Letter, denying his appeal as untimely. Further, the Board asserts that *Young* says nothing authorizing Petitioner to proceed in our original jurisdiction. Further, the Board argues the statute *Young* interpreted did not exist in 2010, such that *Young* is inapposite on the merits. Because this action does not properly fall within our original jurisdiction, the Board argues that we must dismiss the Petition.

In response, Petitioner reiterates that the Board, under *Young*, erred in changing course on the street time it had awarded him in 2005. Petitioner states that he did bring *Young* to the Board's attention, but that the Board dismissed that petition as untimely because it was not filed within 30 days of its 2010 decision. Petitioner posits that this Court could "treat[] the instant [P]etition as if it [was] an appeal and/or enter[] an order transferring this case from the Court's original jurisdiction to [its] appellate jurisdiction." (Petitioner's Brief at 9 n.1.) He characterizes the Board as "urg[ing] this Court to deny [Petitioner] relief on procedural grounds." (*Id.* at 10.)

Those arguments in mind, we turn to the relevant authorities. In *McMahon v. Pennsylvania Board of Probation and Parole*, 470 A.2d 1337, 1337 (Pa. 1983) (per curiam), a petitioner had sought mandamus in our original jurisdiction; we dismissed it, and the petitioner sought direct appeal to our Supreme Court. *Id.* The Supreme Court explained that the petitioner had improperly sought relief in our original jurisdiction, and that the petitioner should have sought review in our appellate jurisdiction. *Id. See also St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d

146, 151 (Pa. Cmwlth. 1985) (citing *McMahon* for the proposition that "claims by parolees for time credit are properly addressed to our appellate jurisdiction" and treating an original jurisdiction petition for review as one filed in our appellate jurisdiction). This rule comports with the Supreme Court's longstanding recognition that "'whatever the parties may denominate the form of review,' if 'an appeal is available and adequate, resort to [the Commonwealth Court's] original jurisdiction is not available[.]'" *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1079 (Pa. 2012) (quoting *Pa. Dep't of Aging v. Lindberg*, 469 A.2d 1012, 1017 (Pa. 1983) (Opinion Announcing the Judgment of the Court)) (some alterations added).

More recently in *Heidelberg v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 494 M.D. 2015, filed October 26, 2015), vacated by 133 A.3d 737 (Pa. 2016) (per curiam), a petitioner filed an original jurisdiction petition for review challenging his maximum date. This Court entered a per curiam order sustaining the Board's preliminary objection to jurisdiction and dismissing the petition for review, noting that such an action did not belong in our original jurisdiction. However, the Supreme Court vacated that order, remanding to this Court "for further consideration in its appellate jurisdiction[.]" *Heidelberg*, 133 A.3d 737. It cited Section 708(c) of the Judicial Code, which provides that

> [i]f a complaint in the nature of equity, mandamus, prohibition, quo warranto or other original process is commenced in any court against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a governmental determination by any of them, where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit or any of such persons was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced.

42 Pa.C.S. § 708(c). *See also Richardson v. Dep't of Corr*., 97 A.3d 430, 433 n.5 (Pa. Cmwlth. 2014) (citing Section 5103(c) of the Judicial Code, 42 Pa.C.S. § 5103(c),[5] for an internal transfer between original and appellate jurisdiction).

In sum, where a petitioner seeks to challenge the Board's calculation of a maximum date, that challenge belongs in our appellate jurisdiction, *McMahon*, which necessarily also means our original jurisdiction does not extend to it, *Mercury Trucking*. Further, when a petitioner erroneously files such an action in our original jurisdiction, this Court must transfer it to our appellate jurisdiction. *Heidelberg*, 133 A.3d at 737; 42 Pa.C.S. §§ 708(c); 5103(c).

Here, Petitioner explicitly challenges the Board's recalculation of his maximum date. That challenge belongs in our appellate jurisdiction, and we are obligated to transfer this matter to our appellate jurisdiction. Therefore, the Board's preliminary objection challenging our original jurisdiction is **SUSTAINED**, and the Prothonotary[6] is hereby **DIRECTED** to **TRANSFER** this matter to our appellate

---

[5] Section 5103(c) provides:

> If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

42 Pa.C.S. § 5103(c).

[6] While *Richardson* directed the Clerk of Courts to make the transfer, as of July 2019, that role was redesignated as Prothonotary, and the former Prothonotary role is now designated Chief Legal Counsel.

jurisdiction and to assign an appropriate docket number. Petitioner's filing date is preserved.[7]

 

          **RENÉE COHN JUBELIRER,** President Judge

---

[7] It appears this preserved filing date is more than 30 days after the Board's mailing of the First Letter, but less than 30 days after the Board's mailing of the Second Letter. Thus, any appeal of the First Letter to this Court appears untimely. The current record, as provided by Petitioner, does not show what filing Petitioner made to elicit the Second Letter, so this Court does not have a sufficient record to determine whether the Second Letter should be affirmed. Accordingly, the Court will not make those determinations without the benefit of a proper Certified Record.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradley Torrence,
     Petitioner

     v.

Pennsylvania Board of Probation and
Parole,
     Respondent

:
:
:
:
:  No. 481 M.D. 2023
:
:
:
:

# **O R D E R**

**NOW**, September 3, 2024, the Pennsylvania Board of Probation and Parole's preliminary objection challenging this Court's original jurisdiction is **SUSTAINED** in accordance with the foregoing opinion, and the Prothonotary is hereby **DIRECTED** to **TRANSFER** this matter to our appellate jurisdiction and to assign an appropriate docket number.  Petitioner's filing date is preserved.

_____
**RENÉE COHN JUBELIRER,** President Judge